IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY WRIGHT, : | CIVIL ACTION |
| Petitioner, : | |
| v. : | No. 15-2161 |
| MICHAEL WENEROWICZ, <u>ET</u> <u>AL.</u>, : | |
| Respondents. : | |

**Goldberg, J.**                                                                                                          **July 11, 2016**

### Memorandum

Before me are Petitioner's objections to the Report and Recommendation of United States Magistrate Judge Linda K. Caracappa, who recommended that Petitioner's habeas petition be denied in part (claims one, two, three and six) and that the remaining claims (four and five) be dismissed. For the reasons that follow, I decline to adopt the recommendation as to Petitioner's first claim which challenges the sufficiency of the evidence to support his burglary conviction.

I.      **FACTUAL AND PROCEDURAL HISTORY**

On January 19, 2007, after a bench trial in the Court of Common Pleas of Philadelphia County, Petitioner was convicted of burglary, theft by unlawful taking, receiving stolen property and criminal trespass. On March 1, 2007, he was sentenced to a term of ten to twenty years imprisonment.

On February 2, 2009, the Pennsylvania Superior Court affirmed Petitioner's convictions. On March 17, 2010, Petitioner filed a pro se petition pursuant to the Pennsylvania Post-Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. Ann. §§ 9541-955 et seq. Petitioner was appointed counsel, who subsequently filed a no merit letter in accordance with <u>Commonwealth</u>

1


v. Finley, 500 A.2d 213 (Pa. Super. 1988). On March 25, 2013, the Court of Common Pleas dismissed Petitioner's PCRA petition. On July 21, 2014, the Superior Court affirmed that dismissal. On February 15, 2015, Petitioner filed a second pro se PCRA petition which remains pending before the Court of Common Pleas.

On April 15, 2015, Petitioner filed the instant pro se habeas petition in which he raises the following six grounds for relief:

1. There was insufficient evidence to support his conviction for burglary.

2. The second-strike offender sentence he received under 42 Pa. Cons. Stat. Ann. § 9714(a)(1) is illegal and violated the ex post facto clause of Article 1, Section 10 of the United States Constitution.

3. PCRA counsel was ineffective for failing to raise claims of merit, amend the PCRA petition or call witnesses.

4. Trial counsel was ineffective for failing to call witnesses and failing to protect Petitioner from incriminating himself during his trial testimony.

5. The trial court abused its discretion when it failed to correct the grading of the criminal trespass charge and also when it used a conviction that was over twelve years old to enhance his sentence.

6. There was a miscarriage of justice because the Commonwealth failed to prove that Petitioner had the specific intent to commit a crime when he entered the dwelling, there was no evidence of criminal entry into the dwelling and Petitioner was convicted "based on a testimony of truth." (Habeas Pet. pp. 31-33.)

As noted above, Judge Caracappa recommended that claims one, two, three, and six be denied as non-meritorious and that claims four and five be dismissed as procedurally defaulted. Judge Caracappa also recommended denying Petitioner's request for a stay of the habeas proceedings until the conclusion of the state court proceedings in connection with his second PCRA petition.

Petitioner primarily objects to Judge Caracappa's resolution of claim one.[1] With regard to claim one, Judge Caracappa determined that the state court decision regarding the sufficiency of the evidence supporting the burglary conviction was not contrary to nor an unreasonable application of United States Supreme Court precedent. In his objections, Petitioner argues that that conclusion was erroneous because the prosecution failed to prove beyond a reasonable doubt that he had the specific intent to commit a crime at the time he entered the victim's home. For the reasons that follow, I conclude that the state court's adjudication of the sufficiency of the evidence claim constitutes an unreasonable application of Supreme Court precedent.

## II.   STANDARD OF REVIEW

The authority of federal courts to issue habeas corpus relief to persons in state custody is provided by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").

Pursuant to section 2254(b), habeas relief shall not be granted to a "person in custody pursuant to the judgment of a State court . . . unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." § 2254(b)(1)(A). This exhaustion requirement "addresses federalism and comity concerns by 'affording the state courts a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary.'" Toulson v. Beyer, 987 F.2d 984, 986 (3d Cir. 1993) (quoting Vasquez v. Hillery, 474 U.S. 254, 257 (1986)).

---

[1] Petitioner also raises general objections regarding Judge Caracappa's analysis of grounds two and four. However, he simply restates the arguments raised in his habeas petition. Judge Caracappa correctly resolved those issues. I have also independently reviewed all of Petitioner's claims and objections and agree with Judge Caracappa's recommendation regarding claims two and four.

"When a claim is not exhausted because it has not been 'fairly presented' to the state courts, but state procedural rules bar the applicant from seeking further relief in state courts, the exhaustion requirement is satisfied because there is 'an absence of available State corrective process.'" McCandless v. Vaughn, 172 F.3d 255, 260 (3d Cir. 1999) (citing 28 U.S.C. § 2254(b)). In such cases, "applicants are considered to have procedurally defaulted their claims and federal courts may not consider the merits of such claims unless the applicant establishes 'cause and prejudice' or a 'fundamental miscarriage of justice' to excuse his or her default." McCandless, 172 F.3d at 260 (quoting Coleman v. Thompson, 501 U.S. 722, 750 (1991)).

AEDPA "imposes a highly deferential standard for evaluating state-court rulings" and "demands that state-court decisions be given the benefit of the doubt." Felkner v. Jackson, 562 U.S. 594, 598 (2011) (quoting Renico v. Lett, 559 U.S. 766, 773 (2010)). This is because under section 2254(d), habeas corpus relief shall not be granted with "respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –"

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding

A state court decision is "contrary to" clearly established federal law if it "applies a rule that contradicts the governing law set forth" in Supreme Court precedent, or if it "confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different." Williams v. Taylor, 529 U.S. 362, 405-06 (2000). As such, "a run-of-the-mill state-court decision applying the correct legal rule from [Supreme Court precedent] to the facts of a prisoner's case would not fit comfortably within § 2254(d)(1)'s 'contrary to' clause." Id. at 406.

A state court decision constitutes "an unreasonable application of" clearly established federal law if the state court "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." Id. at 407–08. In conducting this analysis, a court may not grant habeas relief simply "because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411.

Under 28 U.S.C. § 636(b)(1)(B), a district court judge may refer a habeas petition to a magistrate judge for proposed findings of fact and recommendations for disposition. When objections to a Report and Recommendation have been filed, the district court must make a de novo review of those portions of the report to which specific objections are made. 28 U.S.C. § 636(b)(1)(C), Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). However, "providing a complete de novo determination where only a general objection to the report is offered would undermine the efficiency the magistrate system was meant to contribute to the judicial process." Gonev v. Clark, 749 F.2d 5, 6-7 (3d Cir. 1984). In performing this review, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

### III. DISCUSSION

Judge Caracappa determined that the Superior Court's rejection of Petitioner's sufficiency of the evidence challenge was not contrary to nor an unreasonable application of Supreme Court precedent. The established federal law governing Petitioner's claim was determined in Jackson v. Virginia, 442 U.S. 307 (1979). In Jackson, the Supreme Court "announced the constitutional minimum standard governing a challenge to the sufficiency of the evidence: a reviewing court must ask 'whether, after viewing the evidence in the light most

favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" Eley v. Erickson, 712 F.3d 837, 847 (3d Cir. 2013) (quoting Jackson, 443 U.S. at 319). When a conviction is reversed for insufficient evidence, the Double Jeopardy Clause bars the state from conducting a retrial on the same charge. Burks v. United States, 437 U.S. 1, 15 (1978).

Pursuant to section 2254(d)(1), I must first determine whether the Pennsylvania Superior Court's adjudication of Petitioner's sufficiency of the evidence claim was contrary to Jackson. The Superior Court set forth the standard of review applicable to Petitioner's sufficiency of the evidence claim as follows:

> In evaluating a challenge to the sufficiency of the evidence, we must determine whether, viewing the evidence in the light most favorable to the Commonwealth as verdict winner, together with all reasonable inferences therefrom, the trier of fact could have found that each and every element of the crimes charged was established beyond a reasonable doubt.

(Super. Ct. Op., 2/2/09, p. 3.) This recitation comports with the constitutional standard articulated in Jackson. See Eley, 712 F.3d at 848 (reaching the same conclusion regarding a nearly identically worded articulation of the sufficiency of the evidence standard by the Superior Court and agreeing that "the federal standard enunciated in Jackson is [not] any different from that employed in Pennsylvania when reviewing sufficiency of the evidence questions"). Nor are the facts of Petitioner's case materially indistinguishable from Jackson. Therefore, the Superior Court's adjudication of Petitioner's sufficiency of the evidence claim was not contrary to Jackson.

Next, I must determine whether the Superior Court's adjudication of Petitioner's sufficiency of the evidence challenge involved an unreasonable application of Jackson. In doing so, I review the evidence with reference to "the substantive elements of the criminal offense as

defined by state law." Jackson, 443 U.S. at 324 n.16. However, "the minimum amount of evidence that the Due Process Clause requires to prove the offense is purely a matter of federal law." Coleman v. Johnson, 132 S.Ct. 2060, 2064 (2012).

Under Pennsylvania law, in relevant part, a "person commits the offense of burglary if, with the intent to commit a crime therein," the person "enters a building or occupied structure, or separately secured or occupied portion thereof that is adapted for overnight accommodations in which at the time of the offense any person is present." 18 Pa. Cons. Stat. Ann. § 3502(a)(1).

The Pennsylvania Supreme Court has held that the crime of burglary requires the Commonwealth to prove that a defendant possessed specific intent to commit a crime. However, this specific intent element is limited to whether the accused entered the premises with a general intent to commit any crime. Commonwealth v. Alston, 651 A.2d 1092, 1095 (Pa. 1994). In this context, "specific intent to [commit a crime] cannot be inferred solely from the commission of [a crime]. Specific intent may be inferred from the accused's words and conduct attendant to the entry." Commonwealth v. Crowson, 405 A.2d 1295, 1296 (Pa. Super. 1979).

In reviewing Petitioner's sufficiency of the evidence claim, the Superior Court summarized the evidence introduced at trial as:

> Here, the victim testified at trial that she was asleep in her bed, when, at 3:00 a.m., she awoke to find Wright pulling on her covers. See, N.T., Bench Trial, 1/19/2007, at 6-7. The victim told Wright, whom she knew, that her boyfriend would be home soon. See id., at 7. Wright asked the victim not to tell his girlfriend about the incident and left. See id. The victim later discovered credit cards missing from her wallet and her prescription medicine missing from her bedroom. See id., at 7-8. Wright admitted at trial that he 'grabbed one of the credit cards.' Id., at 13.

(Super. Ct. Op. pp. 3-4.) The Superior Court then held that:

> [T]he Commonwealth's evidence [is] sufficient to circumstantially prove burglary. Wright entered the victim's apartment, without her consent, while she was asleep with her daughter. After he left, the victim discovered that some of her

> property was missing. Based on the circumstances, it is reasonable to infer that Wright entered the victim's apartment intending to commit a theft or some other crime. See Commonwealth v. Lambert, 795 A.2d 1010, 1022 (Pa. Super. 2002), appeal denied, 569 Pa. 701, 805 A.2d 521 (2002) (once one has entered a structure by criminal means we can infer that the person intended a criminal purpose based upon the totality of the circumstances). Thus, the evidence was sufficient to prove burglary.

(Super. Ct. Op. p. 4) Unable to reference any evidence of forced entry or other evidence reflecting an intent to commit a crime, the Superior Court cites only to the fact that entry was made without permission, while the victim was asleep and that following the encounter, the victim discovered property missing.

After a careful review of the trial transcript, the opinion of the Pennsylvania Superior Court and for the following reasons, I conclude the Superior Court's adjudication of Petitioner's sufficiency of the evidence claim constitutes an unreasonable application of Jackson.

The circumstantial evidence cited by the Superior Court as establishing Petitioner's intent is insufficient under Crowson. The commission of a crime in and of itself is not an adequate basis on which to infer the requisite specific intent to commit that crime upon entry. The Superior Court did not cite to nor does the record contain evidence which would support such an inference. There was no evidence of forced entry, there was no evidence that Petitioner possessed instruments or tools indicative of criminal activity or that Petitioner fled upon being discovered – all of which have been found, in certain circumstances, to circumstantially support an inference of specific intent to commit a crime upon entry. See Commonwealth v. Hardcastle, 546 A.2d 1101, 1109 (Pa. 1988) (holding that "evidence of forced entry combined with evidence of the crimes committed within the victim's home was sufficient for the jury to conclude that appellant had the intent to commit burglary when he entered the home); Commonwealth v. Von Aczel, 441 A.2d 750, 754 (Pa. Super. 1981) (finding that possession of a screwdriver and

crowbar, coupled with other evidence, supports an inference that a defendant possessed intent to commit a crime upon entering premises); Commonwealth v. Madison, 397 A.2d 818, 824 (Pa. Super. 1979) (collecting cases holding that flight upon finding the premises occupied may provide support for an inference that a defendant intended to commit larceny or theft upon entry).

In fact, although the victim, Dellena Washington, testified that she locked her door before going to sleep, there was no evidence to suggest that Petitioner's entry was surreptitious or by force. Rather, Washington clearly testified that she did not know how Petitioner gained entry and that she did not observe any damage to her windows or doors.[2]

Furthermore, Petitioner's actions and statements once inside the premises do not support an inference that he entered with the intent to commit a crime. For example, Washington, the only witness to testify for the Commonwealth, denied seeing Petitioner rummaging through her belongings. Washington explained that Petitioner, who she knew, intentionally woke her up by "slightly" pulling off her covers. I note that a person intending to commit a theft typically does not intentionally wake the homeowner.

Moreover, after Washington advised that her child's father would soon arrive, she voluntarily escorted Petitioner out of the premises. Thus, unlike the Madison case referenced above, there was no flight by Petitioner after found the premises occupied. Finally, Washington

---

[2] At trial, Petitioner testified that as he was walking home from his mother's house, he "noticed the front door was open" and that he entered the premises because he "wanted to make sure everything was okay." (Tr. 13:2-14.) Based on the transcript, it appears that the trial judge, sitting as the finder of fact, found Petitioner's testimony to be incredible.

"28 U.S.C. § 2254(d) gives federal habeas courts no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by them." Marshall v. Lonberger, 459 U.S. 422, 434 (1983). As such, I have not revisited the trial judge's determination and will not credit Petitioner's testimony when assessing whether the state court's adjudication of the sufficiency of the evidence issue constitutes an unreasonable application of Jackson.

testified that the only statement made by Petitioner during this encounter was a request that she not tell his girlfriend about his visit. Taken together the evidence introduced at trial does not support an inference of the requisite criminal intent.

In sum, I conclude that, viewing the evidence in the light most favorable to the Commonwealth, no rational finder of fact could have found beyond a reasonable doubt that Petitioner possessed the intent to commit a crime when he entered the premises. Again, this conclusion is supported by Pennsylvania case law which makes clear that "the fact that the accused commits a crime within the structure entered is, without more, insufficient to prove his intent to commit a crime at the time of entry." Crowson, 405 A.2d at 1296. As such, Petitioner's unauthorized presence and subsequent commission of theft is not a sufficient basis on which to infer that he possessed the requisite intent to commit a crime at the time he entered the premises.

Therefore, I conclude that the evidence was insufficient to support Petitioner's burglary conviction. Moreover, the Superior Court's contrary conclusion constitutes an unreasonable application of Jackson. Therefore, Petitioner is entitled to habeas relief.

### IV. CONCLUSION

For the foregoing reasons, Petitioner's habeas petition will be granted as to ground one. Respondent will be directed to release Petitioner from the custody resulting from the judgment of conviction on the burglary count. An appropriate order follows.